UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60357-CR-MARRA

UNITED STATES OF AMERICA,

v.

CORNELIUS BRAYBOY,

DEFENDANT.

_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE AND/OR WITHDRAW GUILTY PLEA

This matter came before the Court on Defendant Cornelius Brayboy's Motion to Vacate

and/or Withdraw Guilty Plea.  [DE 40]  An evidentiary hearing was conducted on the motion.

Upon considering the evidence, the argument of counsel and otherwise being duly advised in the

premises, it is hereby ORDERED AND ADJUDGED as follows:

  *I.  PROCEDURAL BACKGROUND*

Defendant was charged by indictment with: 1) possessing with the intent to distribute a

controlled substance, namely marijuana, in violation of 21 U.S.C. § 841(a)(1) and 2) possessing

ammunition in and affecting interstate and foreign commerce after having been convicted of a

felony offense in violation of 18 U.S.C. § 922(g)(1) and 924(e).  The United States also sought

forfeiture of the ammunition of which Defendant was allegedly in possession.  Assistant Federal

Public Defender Peter Birch was appointed to represent Defendant.

On March 29, 2007, Defendant signed a Plea Agreement which provided that he would

plead guilty to the charge of possessing ammunition after having been convicted of a felony

offense. [DE 28]  In exchange for Defendant pleading guilty to that charge, the United States agreed to dismiss the possession of marijuana charge.  *Id.*  On that same day, Defendant appeared before the Court and changed his plea from not guilty to guilty in accordance with the Plea Agreement.  At that time, Defendant testified that he could read and write English, that he was satisfied with the services of his attorney, that was pleading guilty freely and voluntarily, that he was not forced or threatened in any way to plead guilty, that he agreed with the factual predicate proffered by the United States in support of the plea of guilty and that the factual predicate supported the charge to which he pleaded guilty.  The Court reviewed with Defendant, and Defendant stated he understood, the fact that there was a fifteen year minimum mandatory term of imprisonment applicable to the charge. The Court accepted Defendant's plea of guilty and he was scheduled for sentencing.

At the time of sentencing, Defendant asserted that he was unhappy with the services of his attorney and wanted new counsel.  Defendant indicated that he wanted to proceed to trial. The Court allowed his attorney to withdraw and appointed a new attorney to represent him. Defendant's new counsel, Edward Reagan, Esq., filed the present motion seeking to vacate and withdraw  Defendant's plea of guilty.  In the motion, Defendant asserts, among other things, that: 1) he cannot read and write; 2) at the first meeting with his attorney, he advised Mr. Birch that he was innocent of the charges and that he did not want to plead guilty; 3) he requested information from his attorney regarding fingerprint evidence, but his attorney never provided the requested information; 4) he requested that his attorney file a motion to suppress evidence and to dismiss the indictment, which his attorney refused to do; 5) his attorney told him he could not write to the Court to advise the Court that he wanted to remove his attorney; 6) after telling his attorney on

2

the day he changed his plea that he did not want to plead guilty, Defendant was advised that in order for the prosecutor to make arrangements to use Defendant's testimony in an unrelated state case and hopefully get the benefit of a substantial assistance reduction, Defendant would have to plead guilty and 7) his attorney never advised him that the Court could not sentence him to less than the 15 year mandatory minimum.  Based upon these alleged deficiencies in his counsel's representation, Defendant asserts that his guilty plea was involuntary and should be vacated.

*II. DISCUSSION*

*A. Legal Standard*

A defendant may withdraw a plea of guilty after the court accepts the plea, but before sentence is imposed, if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  Although this provision of Rule 11 is to be liberally construed, there is no absolute right to withdraw a guilty plea prior to the imposition of a sentence, and the defendant has the burden of showing a "fair and just reason" for withdrawal of his plea.  *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir. 1988).  In determining whether the defendant has met his burden, the district court may consider the totality of the circumstances surrounding the plea.  *Id.* at 471-72.  The factors the district court must analyze include: 1) whether close assistance of counsel was available; 2) whether the plea was knowing and voluntary; 3) whether judicial resources would be conserved and 4) whether the government would be prejudiced if the defendant would be allowed to withdraw his plea.  *Id.* at 472.  The good faith credibility and weight of the defendant's assertions in support of the motion are issues for the district court to consider.  *Id.*

With regard to the factor of whether the plea was knowing and voluntary, it has been

recognized that "[a]ll pleas are the result of some pressures or influences on the mind of the defendant . . . If the best professional advice that a lawyer can give is to enter a guilty plea and the accused relies on his lawyer's expertise, the accused cannot successfully urge the plea was involuntary on the basis of counsel coercion." *Schnautz v. Beto,* 416 F.2d 214, 215 (5th Cir. 1969).[1]  Additionally, the absence of a showing of prejudice to the government is not, by itself, sufficient to mandate permission to withdraw a plea where no credible reason is offered. *United States v. Rasmussen,* 642 F.2d 165, 168 n.6 (5th Cir. 1981); *accord Buckles,* 843 F.2d at 474.  The lack of prejudice, however, may be taken into account in assessing the defendant's motion. *Id.*

   B.  *Weighing the Testimony*

   In assessing the credibility and weight to be given Defendant's assertions, the Court concludes that Defendant has not proceeded on his motion in good faith.  On each of the core issues upon which Defendant relies for his motion, the Court finds his testimony to be false and misleading and advanced for the sole purpose of prevailing on his motion.  The Court accepts the testimony of Defendant's former counsel, Peter Birch, as to what actually transpired leading up to Defendant's change of plea and ultimately to Defendant's desire to withdraw his guilty plea.

   First, the Court finds it quite suspicious that despite numerous meetings with Mr. Birch, the receipt of numerous documents from Mr. Birch and Defendant's sworn testimony to the contrary, Defendant did not advise Mr. Birch that he could not read or write until over 2 months after his change of plea and only 9 days before his sentencing,.  This was the same day, June 6, 2007, that Defendant accused Mr. Birch of forcing him to plead guilty.  Even assuming

---

   [1]  All decisions of the Fifth Circuit Court of Appeals handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit Court of Appeals. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

Defendant cannot read or write, the credible evidence on the remaining issues weighs against his version of what occurred.

Contrary to Defendant's assertions, the Court finds that Mr. Birch did not pressure Defendant or use undue influence to convince Defendant to plead guilty.  Rather, as Mr. Birch testified, Defendant was emphatic that he did not want a trial and he wanted to cooperate with the government in the hope that he could obtain a reduced sentence.  The Court also accepts the testimony of Mr. Birch that Defendant got angry with him when he encouraged Defendant to go to trial.  Mr. Birch recognized that Defendant had a defendable case on constructive possession which he discussed with Defendant.[2]  Defendant, however, did not want a trial.  He wanted to cooperate.

While Defendant was reluctant to go forward with a plea of guilty the morning of March 29, 2007, he did so after meeting with the prosecutor and understanding that if he wished to get the benefit of cooperation, he had to plead guilty.  After that meeting, Defendant made a knowing and voluntary choice to plead guilty.  Defendant was not mislead or pressured in any way by the government or his counsel.  The only pressure that was affecting Defendant was the pressure inherent in the nature of the charge, the minimum mandatory sentence he was facing and the evidence of his constructive possession of the ammunition in question.  These are the pressures that affect all defendants that have to make a choice whether to plead guilty or proceed to trial.

The Court rejects Defendant's claims that Mr. Birch failed to file motions to dismiss and

---

[2]  The Court also finds that Defendant understood the legal concept of constructive possession and he understood how he could be convicted of possessing the ammunition even though he did not own the ammunition or place the ammunition in the location where it was found by law enforcement authorities.

to suppress despite his requests that his counsel do so.  Similarly, the Court rejects Defendant's claim that Mr. Birch did not provide him with information regarding the existence or non-existence of fingerprint evidence.  Additionally, Mr. Birch did not advise Defendant that he could not write to the Court relative to the removal of his counsel.  Furthermore, Defendant was advised of the fact that absent a motion by the government for a downward departure for providing substantial assistance, the Court would have to impose a mandatory minimum sentence of 15 years.  It was because of this mandatory minimum sentence that Defendant was so intent on cooperating with the government.  Lastly, Defendant was not told, nor was he led to believe, that the only way he could testify in a state court proceeding against Jimmy Noel, the person who allegedly assaulted his mother and child with a firearm, was if he pled guilty and agreed to cooperate with the government.

### C.  Application of the Factors to the Evidence

In applying the factors that the Court must analyze to the evidence in this case, the Court finds that Defendant has not met his burden of showing a "fair and just reason" for the withdrawal of his plea.  Defendant had close assistance of extremely competent counsel. Defendant was advised of the options available to him, and he chose the course of action to be taken.  As indicated previously, Defendant's decision to plead guilty was made knowingly and voluntarily after being fully advised of his options.  The fact that Defendant was influenced by pressures inherent in the nature of the charges, the potential sentence and the evidence against him does not render his plea involuntary.  As the court in *Schnautz* stated, "[a]ll pleas of guilty are the result of some pressures or influences on the mind of the defendant."  *Schnautz,* 416 F.2d at 215.  What occurred in this case is Defendant changed his mind about his plea after he learned

the government would not be filing a motion for downward departure for providing substantial assistance prior to sentencing.

As to the question of whether judicial resources would be conserved, the Court finds that enough judicial resources have already been expended in this case.  *See Buckles,* 843 F.2d at 474. Defendant had received both a complete Rule 11 proceeding and a full evidentiary hearing on the present motion.  Defendant has also made false accusations against his former counsel, Peter Birch, which resulted in the need to appoint another attorney to represent him.  Thus, the limited funds available for court appointed counsel under the Criminal Justice Act have been depleted unnecessarily.

Lastly, the Court finds that there would be no prejudice to the government if the plea is withdrawn.  This factor, however, is not controlling.  It is only one factor to consider. *Rasmussen,* 642 F.2d at 168 n.6; *Buckles,* 843 F.2d at 474.  Defendant has presented no good faith or credible reason to grant his motion.  In view of the other factors which weigh against the granting of Defendant's motion and the false accusations he had made against his former counsel, the lack of prejudice to the government is not, by itself, sufficient to meet Defendant's burden.

*III. CONCLUSION*

Defendant has not carried his burden to show a "fair and just reason" to allow him to withdraw his plea of guilty.  As a result, Defendant's Motion to Vacate and /or Withdraw Guilty Plea [DE 40] is **DENIED.**  This matter will be rescheduled for sentencing by separate order. Defendant is hereby put on notice that at sentencing he should be prepared to address the questions of whether his advisory guideline sentencing range should be increased for obstruction

of justice based upon false testimony he presented at the evidentiary hearing on the present

motion and whether he should lose credit for acceptance of responsibility.

      Done and ordered in Chambers in West Palm Beach, Palm Beach County, Florida, this 5th

day of February, 2008.

                                      KENNETH A. MARRA
                                UNITED STATES DISTRICT JUDGE